IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALICIA L. THOMAS                              :

      v.                                        :
                                CIVIL ACTION NO.: WDQ-10-3070
                                :

COMMISSIONER, SOCIAL
SECURITY                                      :

## REPORT AND RECOMMENDATION

Alicia L. Thomas, (sometimes referred to as "Claimant") filed this action seeking judicial review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Pending are the parties' Cross-Motions for Summary Judgment (Paper Nos. 11 & 16) and Claimant's Motion for Continuance (Paper No. 19). Pursuant to 28 U.S.C. § 636(c) and Local Rule 301, this case was referred to me to issue a Report and Recommendation. (Paper Nos. 18 & 23). The parties will then have fourteen (14) days after service of this order to file any objections before a final order can be entered. No hearing is deemed necessary. Local Rule 105.6 (D. Md. 2011). For the reasons that follow, I recommend that Claimant's Motion for Continuance be DENIED. I further recommend that both parties' Motions for Summary Judgment be DENIED, and the decision of the Commissioner be VACATED and REMANDED for further proceedings.

## I. PROCEDURAL HISTORY

Ms. Thomas filed an application for DIB and SSI on April 28, 2006, alleging an onset date of disability beginning June 14, 2005. (Tr. 52-55). Her claim was denied initially, and upon

1

reconsideration. (Tr. 21-24, 27-28).   At Claimant's request, a hearing was held before Administrative Law Judge Judith A. Showalter ("ALJ") on August 29, 2008.  Ms. Thomas, who was at that time represented by counsel, appeared and testified at that hearing.[1] (Tr. 655-716).  In a decision dated April 17, 2009, the ALJ found that Claimant was not disabled within the meaning of the Act. (Tr. 17C-17V).  On August 26, 2010, the Appeals Council denied Claimant's request for review, thereby adopting the ALJ's decision as the "final decision" of the Commissioner. (Tr. 7-10).

## II. ALJ'S DECISION

The ALJ evaluated Ms. Thomas's claim for DIB and SSI using the five-step sequential process set forth in 20 C.F.R. §404.1520.   At step one, the ALJ found that Ms. Thomas had not engaged in any substantial gainful activity ("SGA") since her alleged onset date. (Tr. 17E).  At step two, the ALJ found that the evidence supported a finding that Claimant's right shoulder, bilateral wrist, depression and anxiety, and fibromyalgia constituted severe impairments as defined in the Regulations--i.e., they caused significantly vocationally relevant limitations.  (Tr. 17E-H).  At step three, the ALJ found that Claimant did not have an impairment or a combination of impairments that met, or equaled in severity, an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, known as the Listing of Impairments (the "Listings").  (Tr. 17H-K).  At the fourth step of the sequential evaluation, the ALJ assessed Ms. Thomas's residual functional capacity ("RFC") and found that she retained the ability to perform a limited range of unskilled sedentary work.  (Tr. 17K-T).  The ALJ then determined that she was precluded from performing any of her past relevant work ("PRW"). (Tr. 17T).  At the fifth and final step, based on Ms.

---

[1] Ms. Thomas is representing herself *pro se* in this appeal.

2

Thomas's exertional capacity for sedentary work with limitations, the ALJ considered the testimony of a vocational expert and determined that a finding of "not disabled" was appropriate. (Tr. 17T-U).  Accordingly, the ALJ found that Ms. Thomas was not disabled. (Tr. 17U).

### III. STANDARD OF REVIEW

The Commissioner's decision must be upheld if supported by substantial evidence which is more than a scintilla, but less than a preponderance, and sufficient to support a conclusion in a reasonable mind.  *See* 42 U.S.C. §405(g) (1998); *see also King v. Califano*, 599 F.2d 597 (4th Cir. 1979); *Teague v. Califano*, 560 F.2d 615 (4th Cir. 1977); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).  This Court may not weigh conflicting evidence, determine credibility, or substitute its judgment for the Commissioner's.  *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Although deferential, this standard of review does not require acceptance of a determination by the Commissioner which applies an improper standard, or misapplies the law.  *Hayes v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990)*; Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Following its review this Court may affirm, modify or reverse the Commissioner, with or without a remand.  *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991); *Coffman*, 829 F.2d at 519; 42 U.S.C.§405(g).

### IV. DISCUSSION

Ms. Thomas's Motion for Summary Judgment (Paper No. 16) contains only a partial recitation of the facts and law, and a generalized argument that the ALJ's determination is not supported by substantial evidence.  Claimant's deadline to file a Reply to the Defendant's Motion for Summary Judgment was September 30, 2011.  Approximately six weeks after that deadline expired, Claimant filed a Motion for Continuance requesting that the deadline be extended.

(Paper No. 19).   Approximately six weeks later, without receiving a ruling on her Motion for Continuance, Claimant filed a "Reply Memorandum" on December 28, 2011 (Paper No. 28). That Reply Memorandum was filed approximately three months after it was due.

Although the filings of *pro se* litigants are liberally construed, procedural rules, including filing deadlines, apply equally to *pro se* litigants and represented parties.  "As the United States Supreme Court observed in *McNeil v. United States,* 508 U.S. 106, 113 (1993), '[the Supreme Court] ha[s] never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.' Accordingly, pro se litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines." *Hewitt v. Hutchins,* 309 F.Supp.2d 743, 748-49 (M.D.N.C.2004) (internal parallel citations and second set of internal quotation marks omitted).  Claimant's reply memorandum was filed almost three months late, and her Motion for Extension was not filed until approximately six weeks after the reply memorandum was due.   Claimant's reply memorandum therefore has not been considered by this Court, and her Motion for Continuance will be denied.

However, this Court's role is to review the ALJ's decision to determine whether it is supported by substantial evidence.   After careful review of the entire record, I find that the hypothetical question addressed to the vocational expert ("VE") did not contain all of the nonexertional limitations the ALJ found in Ms. Thomas's residual functional capacity ("RFC"). As a result, the ALJ's determination that there are jobs existing in the current economy that Ms. Thomas can perform, which relied on the VE's testimony, is not based on substantial evidence. For that reason, I recommend that the decision of the Commissioner should be vacated and the case remanded for further proceedings.

Impairments may be exertional and nonexertional. An exertional impairment is one that affects the claimant's ability to meet the strength demands of certain jobs. *See* 20 C.F.R. §404.1569a. A nonexertional impairment is a "limitation that is present whether a claimant is attempting to perform the physical requirements of the job or not." *Gory v. Schweiker*, 712 F.2d 929, 930 (4th Cir. 1983). "[W]here the claimant's impairment is nonexertional--not manifested by a loss of strength or other physical abilities--or is marked by a combination of exertional and nonexertional impairments, the [Guidelines'] Rules are not conclusive, and full individualized consideration must be given to all relevant facts of the case." *Grant v. Schweiker*, 699 F.2d 189, 192 (4th Cir. 1983). When a claimant suffers from both exertional and nonexertional impairments, then, the ALJ is required to employ the use of a VE to determine whether the claimant is still capable of some work. *Grant v. Schweiker*, 699 F.2d 189, 192 (4th Cir.1983).

At Ms. Thomas's hearing, the ALJ posed the following hypothetical question to the VE:

> And I'd like for you to consider a hypothetical person who is about claimant's age at onset, that would be 33 years and a high school and college education and the work history that you have talked about. There are certain underlying impairments and limitations on the ability to do work related activities. The hypothetical we'll start at a light level of exertion, postural are all occasional with no climbing ladder, rope or scaffolds. Upper extremities avoid pushing and pulling with the upper extremities. Reaching, handling and fingering bilateral would be frequent rather than constant and no working at overhead. And nonexertionally this person would require simple, unskilled work, which is not at a production pace, [INAUDIBLE] by the piece or working on an assembly line, and low stress work defined as only occasional changes in the work setting and only occasionally need to use judgment or make decisions.

(Tr. 710). In response, the VE indicated that the jobs of "sedentary, unskilled office helper" and "sedentary, unskilled document preparer" would be suitable. (Tr. 710-11). The ALJ found in her opinion:

5

> that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except with occasional postural activities but no climbing ladders, ropes, or scaffolding, frequent rather than constant reaching, handling, and fingering, no pushing and pulling with right upper extremity, no overhead work, and limited to simple, unskilled work with no production pace, low stress defined as only occasional changes in work setting and only occasional need to make decisions or use judgment, *and essentially isolated with only occasional supervision, and only occasional contact with co-workers.*

(Tr. 17K-L) (emphasis added).  The "essentially isolated" condition in the RFC was not included in the ALJ's hypothetical to the VE.  The basic mental demands of unskilled work include some elements of interaction with others, specifically "the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting."  SSR 85-15, 1985 WL 56857 at *4 (1985).  Because the hypothetical to the VE included simple, unskilled work without the limitation of essential isolation, it is unclear whether the jobs identified by the VE involved skills that were beyond Claimant's RFC.  I am therefore unable to find that the ALJ's opinion at step five is supported by substantial evidence, and remand is appropriate.

In addition, while the ALJ provided a thorough synopsis of Ms. Thomas's medical history and provided a detailed rationale for her RFC determination, pursuant to 20 C.F.R. § 416.927(f)(2)(ii), the ALJ is required to "explain in the decision the weight given to ... any opinions from treating sources, nontreating sources, and other nonexamining sources who do not work for [the Social Security Administration]."  The current opinion lacks express assignments of weight to each medical source, and that deficiency should be remedied on remand.

## V. CONCLUSION

For the foregoing reasons, it is respectfully recommended that upon expiration of the time in which the parties have to take exception to this Report and Recommendation, the Court enter an Order **DENYING** Plaintiff's Motion for Continuance (Paper No. 19), **DENYING** Defendant's Motion for Summary Judgment (Paper No. 11), **DENYING** Plaintiff's Motion for Summary Judgment (Paper No. 16) and **VACATING** the ALJ's Decision and **REMANDING** the case back to the Agency for further proceedings.

DATED: 1/20/2012                            _____/s/_____

Stephanie A. Gallagher
United States Magistrate Judge